# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

_____
                                                 :       Case No. 1-17-46412 (CEC)
In re:
                                                 :
Renee Maslikhov aka Renee Butler                         Chapter 13
                                                 :

          Debtor(s).                             :
_____

## LOSS MITIGATION STATUS REPORT/REQUEST TO TERMINATE LOSS MITIGATION

Standard Oil Credit Holding Group, LLC, assignee/successor in interest to Gustavia Home, LLC, Secured Creditor with respect to 328 Jefferson Avenue, Brooklyn, NY 11216 ("Standard Oil"), by and through the undersigned counsel, states as follows:

1.  Standard Oil Credit Holding Group, LLC is the mortgagee with respect to 328 Jefferson Avenue, Brooklyn, NY 11216 ("Property"). The former mortgagee was Gustavia Home, LLC, the party named in the December 28, 2017 Loss Mitigation Order ("Order"). *See* Docket No. 20.

2.  Standard Oil is a private lender, and does not engage in loan modifications as standard practice. However, in an attempt to comply with the Loss Mitigation Order, Standard Oil was willing to consider some form of loss mitigation if the Debtor's financial documents warranted same.

3.  Pursuant to the Loss Mitigation Order, Standard Oil, by and through its counsel, made contact with the Debtor's counsel on January 5, 2018 and conveyed to the Debtor's counsel the name, address, and contact at Standard Oil with full settlement authority.

4.  Standard Oil, through its counsel, also made a document request for certain documents to be provided by the Debtor to aid in the consideration of a possible loan modification.

5. Standard Oil also attempted to schedule a loss mitigation session. Standard Oil attempted on no less than four occasions to schedule a loss mitigation session, despite never receiving the requested documents from the Debtor. Standard Oil's counsel also called the Debtor's counsel in an attempt to schedule same.

6. It is Standard Oil's position that a loan modification is not feasible, especially in light of the Debtor's lack of response and failure to produce sufficient financial documentation. Standard Oil cannot justify a modification if there is insufficient evidence to show that the Debtor's proposed loan modification is warranted by the Debtor's income and expenses and/or that the Debtor's Chapter 13 Plan will be successful.

7. Moreover, modification of the loan to provide for only 3% interest is below the market rate of interest for a private loan.

8. Standard Oil therefore requests that this Court terminate the loss mitigation period, and cancel the Status Conference on February 8, 2018.

I certify that the foregoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.

/s/ Brian G. Hannon, Esq.
Brian G. Hannon, Esq.
Norgaard O'Boyle
Counsel to Standard Oil Credit Holding
Group, LLC, Secured Creditor

Dated: February 1, 2018